v. United States Department of Agriculture et al. Ms. Flynn for the appellants, Mr. Byron for the appellates. Good morning. Ms. Flynn, you're  I'm going to go ahead and start the presentation. Thank you, Your Honor. Good morning, Your Honor, and may it please the court. Caroline Flynn for the Humane Society and its members. Under the Horse Protection Act, a USDA rule has issued and becomes law once the agency has formally approved that rule and releases it to the public. Here, that point was no later than January 19, 2017, by which time the agency had published the rule. Thank you. You're welcome. We're hearing sounds from other people. I'll just speak to them, Judge. Thank you. By which time the rule had been published on the department's website as a final rule and filed for public inspection. The government argues that a rule... Just to be clear, your theory of the case isn't limited to something special about the Horse Protection Act. You're just making a broader administrative law argument, or is yours confined to the Horse Protection Act? Our argument is confined to the Horse Protection Act and that that's the provision we're ultimately interpreting here. The agency's authority to issue rules to carry out the Horse Protection Act, that's in 15 U.S.C. 1828. That's why we're focusing on the ordinary meaning of the word issue, but we believe that background principles of administrative law about finality indicates that that point has to be after the agency has reached the culmination of its decision-making process. I'm not quite sure I understand that because the whole point here is you're invoking the APA principle that the way you promulgate a rule is the way you have to withdraw a rule. Through notice and comment in and notice and comment out is your theory, and that doesn't have anything to do with the word issue. Does it? Right. Well, when the agency issues rules underneath its HPA authority, it has to comply with the APA. We're also arguing that we know that the government's line of Federal Register publication can't be right because of the APA provision saying that unpublished rules can be enforced in some circumstances, as well as the Federal Register Act provision saying the same thing and also saying that public inspection is when rules are valid and also when they give constructive notice to the public. That latter argument that something can be enforced against a person before publication, are you aware of any cases or any instances in which that has been applied to rules of general applicability? Private rights? Yes, Your Honor. We're aware of instances in which substantive legislative rules were enforced against members of the public. Often this issue comes up because the agency didn't think it was a substantive rule that needed to go through notice and comment rulemaking or didn't think it was something that needed to be published, and the court says, well, this entity had actual notice anyway. We also have a series of cases. What cases are you thinking about for that situation? Sure. The Tierney v. National Transportation Safety Board, cited in our brief in the Fifth Circuit case. We have in the Arlington Oil Mills v. Knievel case that we cite from the Fifth Circuit where Tierney was about an individual enforcement action and an adjudication of whether a pilot violated the regulation. Right, but it was... well, I might misunderstand Your Honor's question. I think it was enforceable against all pilots and brought to bear against this particular... But the issue here was whether that adjudication, whether the result of that adjudication had to be published in the Federal Register. The rule had been published in the Federal Register. There was a rule on the books. So that case  is not a case that I would support with your suggesting of support. Well, I could point you to, well, for one, the Arlington Oil Mills v. Knievel case where it was the price differentials where the agency issued it via a price release, and the government for this court found that that had been a rule that could be enforced against the public and couldn't be revoked after notice and comment. You know, I think we... There's some other cases that are not cited in our brief, but there's one called State of New York Department of Social Services v. Shalala. That's a 21F385 from the Second Circuit. That was a price reimbursement scheme applicable to state, I believe, Medicare systems where the court found that that was a substantive rule that was not published that could be enforced. But, I mean, I think, you know, the greater principle is that if the government is arguing that the line here is better registered publication, the fact that some rules can be... that materials can be enforced against at least some members of the public shows that the rule must have become law. Regardless, I mean, I don't understand them to be arguing that that caveat only applies to a subset of rules or maybe non-substantive rules or rules against, you know, a sufficiently broad segment of the public. I think the way the statute, the APA and the FRA read, though, those actual notice cases are about individual... are about a particular... I think a fair reading of them is that they are probably only about certain types of rules that are not rules of general applicability, not legislative rules of general applicability that apply to private rights. And even if that's not the case, is there any evidence in the APA or the FRA that an agency's discretion to withdraw a rule before publication, I mean, is there anything that constrains their ability to do that? Yes, Your Honor. We're arguing that at the point at which the agency reaches the culmination of the decision-making process, announces that its work is done, the rule has issued, and it can't be... the agency is not free to change course at that point. How would that rule be administered in practice? How would a member of the public know what the date was? I mean, you're saying it could be posting on the website, it could be when it becomes available for public inspection. How would we know, for instance, when the date would be fixed for the purposes of judicial review? You know, where a petition for judicial review. Right. So I want to clarify that our argument is just about the point of no return for the agency, at which point the agency can't turn back and say, actually, our rule wasn't final and start over. So we are not putting forward a rule that would govern any judicial review statute or writ large. But if the public inspection line, that date and hour is required to be noted on the document itself under the Register Act, that's in 1503, or 44 U.S.C. 1503. And as for the point of public release more generally posting on a website, you know, in the American Petroleum vs. Costco case, this court said that the point at which the judicial or the administrative record closes is the point at which the rule is released. So, you know, the court must have found that to be a sufficiently administrable line for that purpose. And I'd also say that this issue, you know, predominantly will come up during presidential transitions. And so agencies will have every incentive to carefully mark if this court decides that the line should be public release as opposed to public inspection. And to be clear, I don't think you need to resolve that issue in this particular case, given that we have both. But if it went with public release, agencies would have an incentive to make sure that date and time was known for purposes of this rule that at that point further notice and comment would be needed to turn back on the rule. Thank you. Ms. Flynn, let me ask you a different kind of question. As I understand your argument, your position is that these statutes, FOIA and the Federal Register Act, that they're notice statutes, right? That they tell us how agencies provide notice of a regulation they've already issued. So with respect to the latter question, that is, how an agency goes about issuing a regulation, what's what do we look to answer that question? You cite the dictionary, but that doesn't do it for me. So I guess my question is, if you're right about your notice argument, then how do we know when an agency has actually issued a regulation and what's the standard for that? How do we decide that? What case law do we look to for that? So our rule turns on the ordinary issue, but also... What do you cite as the dictionary? The dictionary, but we're also resorting to background principles of finality, which is when an agency reaches the culmination of the decision-making process. But Your Honor, as for case law, I would point you to the Public Citizen v. Mineta case from the Ninth Circuit. We cited it in our reply brief. In that case, the Ninth Circuit was looking at the word issue and said, under the ordinary meaning of the term... The Ninth Circuit relied on the dictionary, right? It did rely on the dictionary. I'm looking for something... There's nothing in the statute  aside from the meaning of the word no, but I guess I would... To defend our line in a more common sense way, I think when... The purpose of asking this question is when the agency can no longer turn back. It's not about whether it's generally effective or enforceable against the general public. And I think when the agency reaches the end of this process, says, this is our final rule, announces to the world that they are done, they've made the decision, this is how they're going to defend the decision with this preamble, that should be the point of pencil down to the agency. There shouldn't be a twilight period of, well, maybe they can rethink it, even though after that point, all that needs to happen is OFR publishes it, which is a purely ministerial act. It's not some kind of substantive review of the rule itself. So, you and the government seem to agree that at least for the past what, three decades or so, incoming administrations have withdrawn unpublished rules from the Office of Federal Register, and no one's objected to that. There hasn't been any litigation about that. So, there seems to be a practice having developed that this, what happened here is okay. That what happened here seems consistent with  the Clinton administration. It does date back to the Clinton administration, Your Honor. I would say that just because this practice has been allowed to continue and that presidents have chosen to exercise this authority doesn't mean that this court should bless it and allow it to continue in perpetuity. I really think that this practice does represent a very arbitrary form of agency whiplash. We are here defending a rule that was the result of many, many years of deliberation. It started all the way back in 2010. There was an extended notice and comment period. They extended the comment period. They thoroughly responded to comments in the final rule that they sent out into the world as a final rule. And then that was undone after five minutes thought on January 20th with no explanation, no response to any of the agency's findings where it is found that this current regime as it's intended to prevent horse abuse is not effectively carrying out the law. It's rife with conflicts of interest. Let me just, I just have one final question here for you. If, so suppose you win on this, on your APA claim. That is here the agriculture department could not withdraw the regulation without notice and comment. Do we need to address your other claim under the office of federal register scheduling standards? Does that even need to be addressed? No, your honor. If this court were to rule in our favor on the first claim and vacate the withdrawal, we would have no basis, there'd be no basis for you to return to the second claim. We would have all the relief we need. So this is here on a motion to dismiss, right? Is there, I suppose the government's answer to your question, at least about the APA thing as well, there's still summary judgment. Is there, can you imagine this, anything the government could offer on summary judgment that would change the outcome of the APA case? No, your honor. I don't think discovery is necessary on our first claim. And I think that the legal issues are straightforward. I think they're fully briefed at this point. I don't on the first claim, I wouldn't see the need for further proceedings. Thank you. I had a couple of questions. So again, you talk about the word issue in the statute, but when you, is there any daylight in your mind between the word issue in that statute and finality? The word finality just as a matter of... Yes, as in final agency action, finality. Right. So we think the first prong of the Benedict Spear test is helpful here. The second one, whether or not the action has legal effect is sort of the question we're trying to answer in some sense. So I'm not sure that that is as helpful, but I think the first prong where we're asking about the culmination of agency... Let me try it again this way. Sure. Under your definition of issue, could an agency issue a rule or regulation that still would not be final for both prongs? No. So your issue and your issue, your understanding of issue equates with established understanding of finality. Yes, with the caveat that sometimes regimes have special judicial review statutes that use certain words or tie it to certain times, and so I'm not saying that could have impacts when somebody brings or asks for judicial review or brings a petition for review or something like that. Yes, yes. I don't mean it in that sense. I just mean the agency's done, so I understand your first prong. But the point is that it's also a rule that will have determined rights in some way or another, presumably. Yes, it is a legal prong. Right. So for those purposes of the prong, I'm not talking about when you can bring a lawsuit. I'm really just talking about its final agency action in your view. Now, my other question is, is there any daylight in your mind between a rule being final in that way, in that legal way, and the notice and comment process being completed? Well, we're not quibbling. You had to go through notice and comment. I'm not talking about things you don't have to. Right. So we're not quibbling with the idea that agencies have discretion not to complete a rulemaking, so they could have taken comments and decided not to move forward at that point. Well, that wouldn't have been a final rule either. Exactly. So what I'm asking is, can you envision a situation in which a rule has to go through notice and comment rulemaking or is going through notice and comment rulemaking would become final before the notice and comment process completes? No, Your Honor. Okay. So what is the last step? I think I understand that because your argument has to be that if they haven't finished notice and comment rulemaking, even though it's somehow final, you wouldn't be able to say that they have to withdraw it from notice and comment rulemaking. What is the last step that an agency takes that completes the notice and comment rulemaking process? In our view, it's the release of the approved final rule to the public. But I would say that even if Your Honor disagrees with me about that and thinks it has to be... I find this a difficult area. I'm not asking it as really I'm trying to learn from you. So you don't have to go to where I disagree, but just explain your answer a little bit more. So you mean by the agency itself releasing it, or do you read the APA and the Federal Register Act as making public inspection or publication in the Federal Register, either public inspection in the Office of Federal Register or publication in the Federal Register, the final step, maybe a final procedural step in notice and comment rulemaking? Our argument is the final step is releasing the approved final rule, distributing it to the public. The agency itself, not the Office of Federal Register. The agency itself. That said, I do... If Your Honor would indulge me, I do want to emphasize that if you believe that public inspection were the better line, and you know that is the line that aligns with what this Court said in the NAM v. NLRB case about the moment at which you test the validity of an agency's program, it's also the line that's more specifically set out in 1507. We went under that line as well, and there are reasons that that rule also has things to commend it. But I don't think that you have to decide a particular line for purposes of this case. I'm just trying to understand how it would at least be helpful to me to have the concrete sense of which one really is the better of those two. So your first argument is the better of those two, in your view, is once it's released to the public, call it a final rule. Whether by the agency or the Office of Federal Register, that's the magic moment. Notice and comment ends and finality attaches. Yes. When the agency has released it to the public, that's the point at which we think the agency is no longer free to turn back. What do you mean by this is how the agency is defending itself? Oh, I'm sorry. I just mean in the sense that the preamble is written to this is what the agency is relying on, this is the kind of arguments they're making, things like that. Assuming we're talking about a legal  or legislative rule. We think that line also more closely tracks with the fact that the 55281 says that rules can be enforced in certain circumstances when there's actual notice. That's also what the FRA says in 1507. Since those statutes do talk about actual notice, that's why we think that moment can precede public inspection, at least in today's day and age where we have website publication. But again, I would say that if the line is public inspection, we went under that standard as well. But if it's your first line, your first line that is, assuming agencies don't always do this, but maybe more commonly now in the modern day, but now when these statutes are written, if an agency chooses, does itself release to the public, posts to the public, this rule announces it is final, includes all the bells and whistles of final rule, notice and comments, rulemaking, responding to comments and everything. Should that rule be adopted consistent with Kennecott? Yes, Your Honor. If I could, I'd like to make a few points about Kennecott. In Kennecott, of course, the rule had not been posted for public inspection. There's no indication the agency had publicized it at all. When this court was approving of OFR's practice of letting agencies withdraw before public inspection, it noted that caveat on its analysis several times. On those pages of 1205 and 1206, I think it said agencies can withdraw during the confidential processing period before public inspection, before it's made public something like six times. The government focuses more on a different part of the opinion about a different claim. In that claim, the Kennecott court rejects the proposition that whenever agencies internally approve a draft version of the final regs, that's the language they use, but that has to go through notice and comment. But, of course, we're not arguing that internal approval without release is our line. If I could, I would like to point the court to one other aspect of the Kennecott decision. This is a portion the parties haven't focused quite as much on, but it's when they are looking at a statute of limitations provision for surplus, and they're looking at how the agency interpreted the word promulgation in the context of that surplus provision. The court says that the word promulgate is ambiguous at Chevron Step 1. This was after the National Grain decision setting forth that statutory interpretation default rule for the word promulgate. The court says it's ambiguous because it could either mean Federal Register publication or it could mean the point of public inspection. We're not sure which one it is, but we think it's ambiguous at Step 1. If the court had decided earlier in the opinion that Federal Register publication is of a matter of law, the point at which a rule is promulgated, that later discussion would be odd. We also just think that the ruling on the APA claim has to be read in the context of what came before when the court was very clear. It was only talking about circumstances when a rule is withdrawn before the point of public release. Ms. Swinlow, what about the language in Kennecott? I think this seems to me at least fairly clear. It says in discarding the 1993 document, which was the rule that had been sent to the Federal Register, the agency was in no sense formulating a rule. Instead, it rejected a document that had not yet been published, nor did the agency amend or repeal a rule because the 1993 document never became a rule subject to amendment or repeal. Our court, I think, very specifically called a rule that had been sent to the Federal Register, not a final rule, called it a document. Because it had not been published, it did not require notice and comment rulemaking to be withdrawn. I'm not sure how the rule that you're proposing that would turn on public inspection or possibly some point before public inspection squares with that statement and other statements in Kennecott. Right. I understand that those statements in the opinion are phrased more broadly, but I do think that it has to be read in the context of the court being very, very clear that it was talking about a point where the document had not been released to the public. It was still being confidentially processed. That was because the Office of Federal, the regulations that issue there had a different form than they do now. The FRA doesn't say anything about when an agency can withdraw a document from the Office of Federal Register, does it? No, it doesn't, Your Honor. And the reasoning in Kennecott suggested, explained precisely that, that the statute was silent on that question and that OFR's regulations were then reasonable in how they filled in those gaps. Here we now have regulations from OFR suggesting that an agency can withdraw rules before publication. Are you suggesting that that regulation is unreasonable? I think the upshot of our position is that the regulation allowing a withdrawal after public inspection is unreasonable, but that hasn't been called directly into question in this case. But I also, when we're focusing on the portion of Kennecott looking at the APA claim, I would just say again that the court earlier makes clear it's projecting an argument where a document, or sorry, when an agency internally approved a draft version of the final regulations, that that needs to go through notice and comment. And that is again not our argument. Our argument is after the point of announcing it to the world and saying this is our final rule, that that is different. What about the cases and OFR regulations in practice suggesting that at the point of public inspection, you know, one of the purposes of public inspection is so that members of the public or other agencies can identify any errors in the rule. You know, and it's not uncommon for something after public inspection to be corrected or withdrawn to make corrections. What about the cases and the regulations that recognize that as the purpose of public inspection? I mean, if that is one of the purposes of public inspection, it suggests that the agency still has the ability to make changes at that point. I apologize, Donna, I'm not familiar with the cases saying that after public inspection that the public can identify an error after public inspection, the agency can change the rule to respond to it. Certainly in the OFR regulations and handbook. In the handbook, sure. You're on it right now. So I guess I would just still say that the point of Pencils Down should really be, you know, earlier when the agency has put forth its final rule, it shouldn't be a twilight zone of being able to respond to further public response. There's always, you know, if the public notices an error after a Federal Register publication, I think the government would still say, well, at that point, we can't do anything about it unless it's a truly, you know, completely obvious typo that can be fixed with another Federal Register notice. So there's always kind of a point at which the agency can't turn back. There can't be more public involvement. And I also would just be clear that the OFR processing period and all this period is not for substantive review. This is not like OMB. They're not trying to help, you know, strengthen the reasoning or the pros or anything like that. It's really just to check for formatting things, make sure it's in the style guide for GPO. All the more reason, though, then it seems strange to me to constrain the agency's discretion, right? So the agency works on its rule. It's approved. It's kind of finalized internally. If they, for instance, had an internal printing press that, you know, printed their rules, they presumably could change the rule right until the moment it was published. So I guess I'm not sure why that ability to modify something before publication changes simply because they have sent it to the Office of the Federal Register. I would agree with you that the agency could change it before the point at which it made that rule public. Well, so oftentimes the agency doesn't control when it becomes available for public inspection. I mean, that's up to the OFR's internal processing, right? The OFR, once they receive the rule, they have to figure out, you know, they have their confidential processing period, and then they make things available for public inspection when it's ready. The agency often doesn't really have any control over that time. OFR has discretion to put a rule on a deferred schedule if certain criteria are met. Those are the regulations that we focus on for our second claim. But the agency, you know, the rule is supposed to be that it's supposed to be posted for public inspection two days after it's officially submitted by the agency. So it's not, you know, there's not a total discretion to have it languish at the Federal Register. But I also just say, I mean, you know, I recognize Your Honor's point that this might in some way constrain agency discretion during that period where between public release or public inspection of the document and final Federal Register publication. I think it only matters when it really, when there's a presidential transition. Otherwise, that delta's not going to be great. I'm experienced that that is not the case. That rules are frequently withdrawn from OFR by agencies not in presidential transition. It is not uncommon for that to occur because the agency recognizes there's a mistake or there's something else that has to be done. So it becomes very salient at presidential transition because obviously it's a shift in policymaking. But that is not the only context in which it occurs. Right. But we are arguing that, you know, the agency, once the agency announces this is its rule, that is what it has said it has done. It has said this is a decision we've made. At that point, they need to stand by that decision and cannot reverse course without explaining why they are or taking comment again about why that's improper. And, you know, I I'd also just, I think, go back to my earlier answer that if the agency notices a mistake after Federal Register publication, they're in the same boat. So this is really just changing that point. You know, maybe this means that agencies have to more carefully review their rules before they make them public to make sure to catch mistakes at that point. But I'm not sure that this is going to meaningfully, you know, imperil the quality of agency rules. Can I ask a question about this public inspection at OFR? If someone, first of all, do the regulations provide a mechanism for comments from the public to be reported to OFR or the agency? Because there's a very tight time window between public inspection and publication. Right. Do the regulations or handbook provide a procedure for comments to be received and processed? I'm not aware of any regulations. And as Your Honor said, the time frame is supposed to be very tight. And the handbook? I'm not sure of anything in the handbook. And the comments go to OFR or they go to the agency? I have no reason to think that there is any mechanism for comments. I'm not as familiar with every part of the handbook. So I just didn't want to completely rule out the possibility. But I have no reason to think there is such a mechanism. So I don't know where they would go. And agencies don't have a mechanism for or whether they do. I can ask the government this too. I shouldn't ask you. But is there a mechanism at that point for even the agency to receive comments based on the public inspection done at OFR? Not that I'm aware of, Your Honor. And I think that well, I'm sorry. I see that my time is Oh, you can go ahead. Thank you. Public inspection, it's set out in 44 U.S.C. 1503. I think, you know, as the Federal Register explains it, it seems to be sort of the official stage of public release. You know, 1507 talks about that being the point when the public has constructive notice. There are, you know, things that fall from it in terms of enforcement capabilities. But the fact that the date and time of public release is supposed to be noted on the document suggests that the FRA considers that to be sort of the legally significant point at which the public sees the document and you know, it's been the agency's work is sort of being publicly aired. The point of that date, does that show up at some point as part of the regulations publication date? I mean, the publication date is you know, the way the schedule sets it out is generally the next day after public inspection. So what is the point of that date? It's noted on the document itself, the original in the National Archives. You know, I think it's considered to be a legally significant stage. 1507 says when the rule is actually published that that creates a rebuttable presumption that it was posted for public inspection the way it was required to. You know, I understand that in this day and age people, you know, when you look at the Federal Register, you look at the publication date, but the Federal Register Act itself sets out public inspection as its own legally significant stage. Okay. Thank you. Unless my colleagues have any further questions, we'll hear from the government. Thank you, Your Honor. Thank you. Morning, Your Honor. May it please the Court. Thomas Byron from the Department of Justice here for the Federal Government's defendants in this case. I'd like to emphasize at the outset that there are two distinct claims in this case, or two sets of claims. One under the APA  controlled by Kennecott and the other is Kennecott and other cases, and that's whether withdrawal of a document from the Office of the Federal Register before publication is a rule requiring notice and comment or reasoned explanation under the APA. We think, again, Kennecott as well as cases like Chen and Zhang make clear that it's not such a rule and no procedural requirements are imposed by the APA. The second claim that the plaintiffs made was, what do you do with Ms. Flynn's argument that Kennecott is different because there was no filing and making available in the office? It was not made available for public inspection in the Office of the Federal Register. It just didn't deal with that question. Judge Shadle, I think you're exactly right that the Kennecott decision didn't deal with that question because it wasn't presented in that case. Nothing in the case indicates, as the district court here correctly recognized, nothing in the court's opinion in that case, as I think your Honor may recall, indicates that any different outcome would be required under the APA. Again, this is why I wanted to say this. It's an interesting question about how one interprets a precedent of a court. The other way to look at that is the Kennecott court decided a case based on a set of facts. The question about whether that precedent binds a court in a later case with different facts depends on what the latter court says. There's no reason to expect that the original court would have said, oh, by the way, this principle applies even in situations where it's made available for public inspection by the Office of the Federal Register. I'm not sure that's the way we interpret precedent. My apologies, Judge Shadle. I didn't mean to suggest otherwise. You don't need to apologize. It's an interesting issue, actually. I absolutely agree. I want to make two points about the public inspection aspect of the plaintiff's argument here. One of them is that in the Chen and Zhang decisions in the Ninth and Second Circuits, contemporaneous with the Kennecott decision also dealt with the withdrawal of the document from the Office of the Federal Register that otherwise would have created a rule when it was published. In those cases, both courts held that even though the document had been made available for public inspection and that's the very distinction the plaintiffs here rely on, even though in that case, the 1993 AG regulation about asylum had been made available for public inspection, it was withdrawn and never took effect. That's important, we believe, because it informs the proper understanding not just of Kennecott itself, but of the principles Kennecott applied. With respect to the APA claim, a document that's withdrawn before publication in the Federal Register is not a rule. It does not create binding obligations. The withdrawal of such a document does not require notice and commentary. What do you do with the Federal Register Act itself, which says that a document required to be published is not valid against a person who has not had actual notice until the duplicate original is filed and a copy made available for public inspection. That statute says that once the regulation is made available for public inspection by the Office of the Federal Register, it's valid and enforceable, at least against people with knowledge, right? Yes, Judge Tatel, and in fact I think You don't disagree with that, right? Absolutely right. Just explain to me how a rule that becomes valid and enforceable as a result of notice and comment rulemaking can be withdrawn without notice and comment rulemaking. Absolutely, Judge Tatel, and I want to make clear that the situation you describe and the situation you describe and the provision of the Federal Register Act is not what we're dealing with here. The pre-publication enforcement of a rule can only take place when a rule is immediately effective, that is effective before publication. Those are very rare instances as the APA Section 553D makes clear because ordinarily the effective date of a rule is hinged, is triggered by publication or service of that service. The scenario that you're describing, the plaintiffs put so much weight on, that for example the Ahrens case in the Second Circuit from I think it's 1962 reflects, is where there's an urgent need for immediate enforcement before publication and the agency makes that clear and the rule is effective before that time. This rule was not to be effective immediately. Can I hang on and ask you, so as to a rule that is immediately effective in the way that you've described and let's say it was promulgated for notice and comment rulemaking, your position I take it is that that rule, once it's enforceable against an individual is final, correct? It's final in the sense that, let me be crystal clear here, it's final in the sense that if you wanted to change, even though it has not yet been published, if you wanted to withdraw it, you would have to go through notice and comment rulemaking. Just one, I want to quibble with the hypothetical if I may in one respect and that is that remember the 553D requirement for a shorter effective date, including a pre-publication effective date, it can be, it requires a good cause determination and that might also equate to a similar good cause determination that notice and comment is not required. I think we don't know. We don't have a lot of examples of this, in fact, because it so rarely arises. That's fine, but I'm asking you about my hypothetical. Sure. In a scenario where there is notice and comment rulemaking and an agency determines. To be expedited notice and comment rulemaking. Sure. And I think the FCC case that is discussed in the briefs, and I apologize, I'll think of the name of it in just a moment, it may be an example of this where there was very expedited notice and comment available. That was one of the issues addressed. So in that scenario to the extent that the rule had been immediately effective and forced with respect to those who had actual notice, because that's another aspect of the requirement, certainly we think that the rule was effective and did bind those parties with actual notice, the federal register. That's not my question. My question is whether it bound the agency in the sense that it could only then withdraw that rule, even though it had not yet been published, by going through notice and comment rulemaking. Jessalyn, I think, and I want to be cautious here because I'm not aware of any case law that addresses that question. I think the answer would probably be yes, but again a lot might depend on the circumstances of the particular case. I don't understand. So under that hypothetical, notice and comment rulemaking has been completed, albeit expedited, but it's completed. That's done. You've issued a rule for notice and comment rulemaking. It is a final rule. It is a rule of law being applied to people with actual notice. And yet you say it's unclear whether if you wanted to withdraw that rule, you would have to go through notice and comment rulemaking. Is that the answer you just gave me? Judge Millett, the answer I just gave you is I'm not aware of any case law addressing that. So the answer is if it's unsettled, the government thinks there's not a clear answer to that. Judge Millett, I think there's not clear case law. I believe the answer is that the requirements of the APA would be required, would be, would need to be followed in the hypothetical you give. Now again, there may be good cause to forego notice and comment for withdrawal. There could be. Maybe that would be expedited, too. But I don't want to talk about good cause exceptions here. But what I want to talk about, I mean, that may be an answer to another question. But to be clear then, there are, a rule can become final, enforceable, and I know enforceable suggests effective dates, but that's not necessarily true for pre-enforcement like this. Prior to publication, the Federal Register gives you, allows you then to enforce it against the world, even if they didn't have actual notice. That's all the Federal Register publication would accomplish at that point in my hypothetical. Judge Millett, I think that's right in the sense of, in the example of, as in your hypothetical, a rule that is immediately effective. And that's a key distinction. Let me just ask you about that. Because immediately effective, well, first of all, the Act doesn't say that. The Federal Register Act does not say that only regulations that are only regulations that are immediately effective are valid once made public by the Office of the Federal Register. It doesn't say that. The other point is that, so let's assume you're right that the effective date is critical and that a published regulation, it gets published in the Federal Register and it's not effective for 30 days. Is your point that that could be changed up until the 30-day point? No, Judge Tittle. Then I don't understand. Effective date can't, you can't have it both ways. In other words, if you're right that under the Federal Register Act, the only regulations that are valid and enforceable are those that were made by the agency to be immediately effective, then it must be that even once a regulation is published, it's not valid and enforceable until it's effective date. Judge Tittle, I think if I may step back for just a moment and again return to one of your earlier questions, which was about the Federal Register Act's provision. That's what I was just talking about. Yes. Again, I think I want to distinguish between the APA question and the FRA claim, the Federal Register Act claim. I think the two are distinct and it's important to separate them. The plaintiffs here say that under the APA, the APA's rulemaking requirements, as Judge Mott was asking about, apply whenever a document is withdrawn after it's been released by the agency or filed. What do we assume for purposes of our discussion here, at least for my benefit, that I'm not sure I agree with him, but that I do think that the significant date is the Office of Federal Register making it public. Let's focus on that. Sure. With respect to the Federal Register Act claim, Judge Tittle, I think that's right. Then the question becomes, can the plaintiffs compel publication on a particular date because that's the basis of the claim they make under the Federal Register Act. We don't have to get to that if we think they're right on their APA claim, right? I think that's right, Judge Tittle. You agree with that, right? If the agency here could not legally have withdrawn the regulation, then we don't have to get to the Federal Register. The rules, the Federal Register timing claim, their second date. Why don't we stick with the first claim here? Under the first claim, public inspection is not a meaningful marker with respect to the documented issue in this case. Again, I want to emphasize the difference as I did in response to Judge Mollett's questions between an example like Aaron's where the document was immediately effective and actually was never published, if I understand the court's opinion in that case correctly, and in this case where a document is not to become effective until after publication. Publication is itself then the meaningful marker as this court held in Kennecott in this scenario. I'll ask my question once more and then we'll just agree to disagree. I don't see where you get that in the Federal Register Act. It doesn't say that. It says it's valid and enforceable once it's made available for public inspection. It doesn't say anything about it having had to be made effective by the agency. That's not what it says. Understood, Judge Shadle. Again, I think this goes to the distinction between plaintiff's APA claim and their Federal Register claim. Nothing in the APA requires that a rule be enforceable before its effective date. I think the fact that some rules can be effective in the rare instances before publication doesn't necessarily compel the conclusion that plaintiffs urge here, which is that every rule must be effective before publication. That's contrary to what Kennecott held. It's contrary to what Chen and Zhang held, particularly with respect to rules already made available for public inspection by the Office of Federal Register. Mr. Byron, could the government, I mean, the provisions in the APA and the FRA that speak about enforcement upon actual notice, do you think the government could enforce a regulation that required notice and comment rulemaking that was a substantive rule? Do you think the government could enforce such a regulation against a person before its effective date? Before its effective date, Judge Rahn, no. I think the answer is pretty clearly no, and that goes exactly to the point I was trying to make a moment ago. Do you think such a rule can become effective without publication in the Federal Register? So there are some types of, let's call them regulatory documents, like an errand or some of these other cases. I mean, do you think a rule of general applicability that affects private rights could become effective without publication? Judge Rahn, I don't know the answer to that. I think it's possible, but again, it's so rare that an agency even seeks to make a rule effective immediately prior to publication that we don't have a lot of examples of it. In fact, many of the examples that we have are before the 1966 amendments to the APA, and Aaron's is a good example. The FCC case that we were talking about a moment ago is another good example. And the FCC case in particular was a change in agency regulations. It was a freeze on filing of applications for radio. Wasn't that a procedural rule in the Huffer case that didn't require notice and comment rulemaking in any event? I think that's probably right, Judge Rahn. Again, I'm not aware of any examples of the kind of rules your hypothetical contemplates, and so I can't think of any. But at the same time, I do think that it's fair to say that nothing in the text of the Federal Register Act would necessarily preclude an agency in an instance where it could find good cause for an immediate effective date to seek to enforce a rule before publication, even if that rule is one of general applicability. What about the Congressional Review Act? Does that tell us anything about when the agency's rulemaking process becomes final? The Congressional Review Act says that a major rule cannot become effective until the later of 60 days that passes either from sending a major rule to Congress or publication in the Federal Register. Does that tell us anything about the question at issue here? I don't think it necessarily does, Judge Rahn, but I do think it's consistent with the emphasis that I've tried to point out about the importance of the effective date. In other words, in most situations, all but the rare scenarios where pre-publication enforcement based on actual notice is appropriate, in most situations, a rule will not be a rule if it's not published. And that's what this court held in Kennecott. That's what Chen and Zhang held. That's consistent with the case law here. The fact that in some rare scenarios other rules have been held to be immediately enforceable, therefore valid with respect to those who have actual notice, doesn't undermine that conclusion. And I think the example of the Congressional Review Act merely bolsters that conclusion. I'm just getting really a bit confused. Do you equate effective, when a rule is effective, with when it's final, in the sense that the agency is done with it? No, Judge Moore. Those are very different questions. Okay. And then, do you equate effective with the completion of notice and comment rulemaking? No, Judge Moore. And so the question, as I understand it, is whether the agency had finished its notice and comment rulemaking process and had issued a final rule, even if it's effective date, whether it's immediate upon issuance, or whether it's 30 days later or 60 days later. Because once they have a final rule that has completed notice and comment rulemaking process, it can only be withdrawn by that agency for notice and comment rulemaking. So I don't see, and I think that's what was embedded in your answer to Judge Tittle, that otherwise they could withdraw it after publication in the Federal Register, because the general rule isn't 30 days there. So I don't understand why we're talking about effective. The reason I was asking about pre-enforcement is that suggests it's a real rule, a final rule, a completed rule, and that can happen before Federal Register publications. I don't understand your emphasis on effective. Let me see if I can comment this in a slightly different way, Judge Moore, to address your question. And I apologize if I have been unable to... I'm sure it's operator error on my end. I doubt it. I don't want to over-emphasize the importance of effective date. The point I want to make is that this court's decision in Kennecott, consistent with Chen, Zhang, many other decisions, is that a rule is not a rule until it's published in the Federal Register. That's the... No, that's not what Kennecott tells, was that a rule can be withdrawn without notice and comment consequences prior to public release, which is not the same thing as publication. Right there, it had not been disclosed to the public body, at least according to the briefs in the case, had not been disclosed to the public at all. It wasn't as though the agency had disclosed it on its own. It hadn't been released for public inspection. And some of the rationale in Kennecott is nobody has laid eyes on this outside the agency. You can't be done until you... That's sort of the way of being done, is when the agency says, we're done. Here it is. I mean, that's part of notice and comment rulemaking, is that you explain to the public your final... You don't just issue a final decision, you explain it to the public. And so you can't even have the end of notice and comment rulemaking without a public explanation of what your final answer is. May I just point to a particular passage in Kennecott at page 1208 of 88F3, which says that the 1993 document, quote, never became a binding rule requiring repeal or modification. I think that's significant. Again, this is with respect to... Right, because it had never seen the light of day outside the government itself. Right? I think that's not the only reason, Judge Millett. If that were the case... Wait, wait, wait. Okay. I'm sorry. I'm going to shoot that. So if that were the case, Chen and Zhang would have had to come out differently. In other words, this court would now have to, in order to reach a different conclusion based solely on the fact of public inspection, would have to disagree with the Second and Ninth Circuit. You mean based solely on the statute? I'm sorry, Judge Tatel? I said you mean based solely on the statute. I'm not sure I understand the question. You said if we were to reach a different result based solely on publication. I think that's what you said, right? No, Your Honor. I'm sorry. Not publication. Making it available to the public. For public inspection. Public inspection. That's right. Yes, you're right. And my only response to that was, well, that's what the Federal Register Act says. But let me ask you this, since we're talking about Kennecott. Suppose this panel... This is a hypothetical. Suppose this panel does not interpret Kennecott the way you do. And suppose we do not think it resolves this case. Can you still prevail? Yes, absolutely, Judge Shackelford. What's your argument without Kennecott? Well, it's principally, as I emphasized, that Kennecott doesn't stand alone. Chen and Zhang decided contemporaneously also reflect that a document can be withdrawn after public inspection. But were they grappling with this APA question there? I think they were, Judge Millett, in the sense that the question was whether the document in that case, the 1993 document that was an AG, an Attorney General regulation about asylum, could be applied to the claimant, to the asylum claimant in those cases. And I guess... Did they say it had been permissibly or impermissibly withdrawn? Well, no, Your Honor. They said it had become effective because the effective date was based on publication. And indeed, in that case, it was intended to become effective. So that ruling was based on their view of whether that rule had become effective. But they didn't address this question about whether something could be or would be. I mean, as we all know, there's a lot of words here that have different roles in this process and get used sometimes interchangeably when perhaps they shouldn't. I'm sure I've made that mistake many times myself. But I just don't... One, those are not precedent here. But two, I don't think there's any conflict because they just simply weren't answering the same question. I get that there's some... You might argue that there's some atmospherical relevance to it, but they simply weren't answering the question that we're asked here, were they? Judge Mudd, I think it's fair to say that they weren't addressing the very specific question of whether notice and comment was required or whether a reasoned decision was required to withdraw. Or whether the withdrawal itself was permissible? Judge Mudd, I think they necessarily had to answer that question. In other words, if the rule was not permissibly withdrawn, it would have... Well, I mean, did they have to answer in the sense, was that argued to them? I don't know that it was argued. It wasn't specifically addressed in the opinion. Right. So as I'm saying, it's not in the opinion. Right. So I guess we'd have to look at the brief to see if it was even raised in that case. If it weren't raised in that case, then we really know they weren't confronting this question. Well, one thing, if I may emphasize here, again, I want to distinguish between the APA argument and the... The APA claims and the FRA claims. And I see I'm over my time. If you'll indulge me. No, you go ahead because I have another question. Thank you, Your Honor. I want to distinguish between those claims because, again, in the Kennecott case itself, the court distinguished between those two types of claims and it addressed the APA claim with respect to whether the withdrawal of the document required notice and comment or reasoned decision. It addressed separately the FRA claim and in addressing the FRA claim, the court asked the question whether the Office of the Federal Register's regulations were permissible interpretations of the Federal Register Act, the statute itself. And I think that's the appropriate question to ask here with respect to the meaning of the Federal Register Act to the extent the court's relying on that. And here, the regulations of the Office of the Federal Register include a specific reference to withdrawal even after public inspection. I believe that's in... Apologies, I'll need to pull the site, but I think it's 5.17 in that it permits the withdrawal even after public inspection. So the question about the Federal Register Act that has been informing some of the court's questions, I believe, should, I think, be understood in light of the Office of the Federal Register's interpretation of that. In Connecticut, we didn't hold that every single thing in every Federal Register's regulation was permissible. We were addressing the application for public inspection because the statute itself is, I think as Tatel pointed out, the statute itself gives legal consequence to public inspection. And so an agency regulation could not certainly counterman the plain text of the statute in that way. Absolutely, Judge Mellon. It was an ambiguity. The analytical framework that the court undertook with respect to those regulations is appropriate here as well in terms of understanding the Federal Register Act. There was a question during my opposing counsel's argument about whether the regulations at the time of Kennecott also permitted withdrawal of a document after public inspection. I don't have those earlier regulations here, but I'd be happy to find them and cite them for the court and address that question directly because, again, that question just wasn't addressed in Kennecott. So with respect to the APA claim, Your Honor, I do want to emphasize the impracticability of plaintiff's argument and the grave uncertainty that it would introduce. The idea that a rule becomes a rule, valid requiring the ordinary notice, comment, reason, decision-making to make any changes and presumably effective on all who have actual notice when it's made public by the agency or even with respect to everyone after it's posted for public inspection by the Office of Federal Register, that would create enormous uncertainty. Why would the latter create enormous uncertainty? It would be more than publication. Publication in the Federal Register comes out online. It's published digitally. Sure, it comes out on paper also, but in terms of the notice to the public, I'm not sure what the difference is between the Office of Federal Register putting it on its website and four days later appearing on the digital version of the Federal Register. That's all. What's the difference? I think the reason it would create uncertainty is that over the last 30 years, there have been multiple instances. Chen and Jang is one. We cited at least two other documents that were withdrawn at public inspection in 2017. There are at least two more that I'm aware of in 2021 that we cited in our brief as well that were withdrawn after public inspection. The uncertainty goes to what is the ongoing effect? They weren't challenged, though, were they? That's right, Judge Tittle. Although, as I pointed out in Chen and Jang, several individuals talked about them. Let me just ask you a different question. Your view here is that your basic view, the government's basic view is that the key here is Federal Register publication. That sets the key there. I want to ask you about a different provision of the Federal Register Act, which it has a special filing provision in it. Here, I'll just read it to you. For when a regulation, quote, is issued, prescribed, or promulgated outside of the District of Columbia. Issued, prescribed, or promulgated outside the District of Columbia. My question is, how could a regulation be issued, prescribed, or promulgated outside the District of Columbia if, as you say, publication of the Federal Register is what's critical? Judge Tittle, I think the fact, I think you're absolutely right and the premise of your question, I think, is that a rule can be issued without publication in the Federal Register or prior to publication in the Federal Register. I think the Federal Register Act also supports that, at least arguably, in 44 U.S.C. 1507. Let's just cut to the chase. If a regulation is issued, prescribed, or promulgated, your theory is it can nonetheless be withdrawn without notice of comment rulemaking, right? Before publication, yes, Your Honor. I understand your position. Unless Judge Rau or Judge Millett have any other questions. Can I ask one more? Yeah, go ahead. That is the question I was asking your friend on the other side about, and that is this oddly named public inspection process. Is there anything either in OFR regulations that we didn't see or handbook or agency regulations or practice that provides a mechanism for public comment as part of that public inspection? No, Judge Millett, but there is a mechanism in the OFR regulations that provides for agency and OFR exchange of information about errors in the document and that includes a basis for withdrawal of the document even after public inspection. And that is, I believe, in 1 CFR 18.13, if I can take a moment to find it, a document that's been filed for public inspection but not yet published may be withdrawn from publication or corrected by the submitting agency and it also says extensive corrections may require agency withdrawal of the document from publication. So I think that reflects that this is not necessarily none of these regulations nor the handbook are about the public's involvement. They are, as we explained in our brief, about the interchange of information and the efficient operation of the exchange of information between OFR and the rulemaking agency. I want to ask... And is filed, just to make sure I've got all these words right, filed for public inspection means filed by the Federal Register notes or is that when the agency files it with OFR and it gets a state stamp and stuff? No, Your Honor. So let me take a moment, if I may, to address both the statutory and the regulatory framework here because I think the plaintiffs have misunderstood some key aspects of how OFR operates. And again, this is understandable because OFR's procedures are designed to ensure smooth operation with respect to the office and the rulemaking agencies, not with respect to enforcement by plaintiffs. So 44 U.S.C. 1503 talks about filing documents and this is again after the confidential processing period, which ordinarily includes extensive editing, review, exchanges of information between the office and the rulemaking agency. Wait, 1503 is talking about after it's already been submitted? Yes, Your Honor. I thought that was talking about when it was original and two duplicates are given to OFR shall be filed with the Office of Federal Register. Your Honor, the statute... And then this confidential period happens. Well, Your Honor, the statute's not entirely clear about this and that's why the regulations and the handbook are important in understanding how OFR actually operates. And so I'll turn then to the... Wait, so you read 1503. I'm really confused here. I had thought that this, because this is the provision, isn't this provision that talked about, I thought this was the trigger when it got sort of time and date stamped. Yes, Your Honor, and that's... And that's not, that's at the end of the confidential period here? Yes, Your Honor, and I think that's what led to some of the confusion in plaintiff's argument. So if I can just address this, I'll explain a little bit further. I apologize for the length of time it takes to explain this. So looking at the OFR regulations, which are again in our addendum at page seven and subsequent pages, the receipt and processing talks about the receipt of the document by the Office of the Federal Register when it's sent from the rulemaking agency. That precipitates, that begins the confidential processing period, includes extensive review, editing, corrections back and forth with the agency, etc. That confidential processing period also ordinarily includes extensive formatting, working with the daily volume office of the Federal Register to ensure that there will be room in the particular volume of the day that it's going to be sent. So yeah, that's just all logistical stuff. I mean, I'm sure it takes time and effort, but it's pretty... It's time and effort. But it's not substantive. Well, Judge Millett, no, I think you're right. Is the OFR reading this thing to say, hmm, I don't think this makes substantive sense? Judge Millett... Are they providing substantive comments or are they going to use misspelled? There are some substantive requirements that the office imposes with respect to its rules, but it doesn't impose... On the substance of the federal rule itself? Not the policy judgment of the rulemaking agency. No, Your Honor. What kind of substance is OFR enforced? Well, there are certain requirements in the agency's rules and in the handbooks, both the document... Can you give an example of substantive? You're defining the substantive? Well, I don't want... Your Honor, I don't want to overstate the point about substantive. There are things... This is not just typo correct. You can understate it by just giving me an example. I don't have an example ready at hand, Judge Millett. I apologize for not having that. Anything else? You can just follow up. Go ahead. I just wanted to... Go ahead, Your Honor. I apologize. You need to finish. I'm sorry. I just wanted to finish the answer about the process point with respect to the regulations. So the receipt and processing takes place, but the public inspection and the timing of the filing, which takes place after that, the filing and public inspection only takes place after the publication date has been assigned. So that's one of the fundamental misunderstandings that plaintiffs have about the way this works. What does that have to do with the issue before us? Your Honor, I think it has to do principally with the Federal Register Act claim, but it also has to do with... But why? What difference does it make whether the agency sets a publication date before or after that two-day period for purposes of the case before us? Because in the Federal Register Act claim, the plaintiffs seek to compel... They argue that the Office of the Federal Register was required by its regulations as a mandatory matter enforceable by 706-1 under mandamus standards, required to publish on the date. Didn't you agree in the district court that they're right about that? No, Your Honor, we did not. And the district court did not so find. That's a key... That's a really important part of the argument here. The plaintiffs are seeking to compel publication under the Federal Register Act in their separate OFR, claim against OFR, based on their theory that the regulations required publication on a particular date. That's not correct, Your Honor. One practical question. Judge Millett, do you have anything else? I had one. Judge Millett, you go ahead. Yes, I just had one quick question. If this court were to rule that the point at which a rule becomes final and cannot be withdrawn without notice and comment rulemaking was public inspection, does the government have a view of how many other rules that were presented would... I mean, would those other rules also then be in effect based on the reasoning of this court's opinion if we were to set such a line? And does the government have any idea of how many such rules would, you know, effectively spring into effect from the past, I don't know, 10, 20, 30 years? Judge Rowe, we haven't canvassed that far back. I noted in an answer to Judge Tittle's question that our brief identifies at least two other documents in 1997 and at least two documents in 2021 that were withdrawn after public inspection and that Chen and Zhang referred to one in 1993. Undoubtedly, there are more. I think it's hard to know. We could certainly conduct an extensive survey to determine that, but I think the uncertainty is what I wanted to emphasize. Would your view be that those rules would then have to be published under the reasoning, like if we were to set the rule that the humane society is subject here? Not necessarily, Judge Rowe. I think it would depend on, you know, whether... Judge Tittle asked the question whether anybody had challenged those, you know, and I think that might be relevant. I think the limitations, statute of limitations might be relevant to particular circumstances. It would, of course, depend as well on the nature of any decision this court might reach. I would urge the court... Just to be clear, the statute of limitations on the 1970, whatever rules, have been around for a long time. I'm sorry, Judge Mudd, I'm not sure what you mean by 1970s. You mentioned... Chen and Zhang, the 1970s? 1993, Your Honor. I'm sorry, I thought you said something in the 1970s. No, Your Honor. 1993, 1997, and 1921 were the examples I gave. Right. So, 1993 and 1997 I assume the Governor's position would be this. Thank you very much. The statute of limitations is wrong. We'd need to analyze that if a claim were brought, Your Honor. Oh, you're not... Okay. I think we have exhausted the subject. Thank you, Your Honor. There is a court to affirm. Thank you. Let's see. Ms. Flynn, you have the floor. Thank you, Your Honor. I'm sure you have a lot to say, but could you start with this point the government's making about effective date? Yes, Your Honor. So, as I understand the government's presentation today, they're saying that the rule is either publication or it's when the rule is effective date, or it's when the rule is effective because effective date is passed. And I guess each of those lines have their own problems, and combining them I don't think solves them. So, publication, we've already talked about. The statutes of issue make it clear that at least some unpublished rules can be enforced. And effective date, there's a line of precedent from this court and other courts saying that even if a rule's effective date has not yet come to pass, the agency can't postpone it without notice and comment. So, we know that the effectiveness of the operation of a rule does not determine whether or not it's law. That's the same way it works for statutes, for instance, that have delayed effective dates. If I could move on to a couple of points. So, we talked about the potential disruption caused by a decision here. As the government said, they did not attempt to sort of put a number on that for this court. We tried to look into it ourselves. For instance, the rules that the government cites in their briefs that were also withdrawn at the same time, one of them actually was published anyway, so that one there's no problem. The other one they point to from that same transition, a substantive rule, that same name was actually fully published before the transition. This document is not clear what it would have done, but that rule eventually went into effect after some post-movement, so I'm not sure we can see a problem there. Overall, we were only able to identify, at most, 15 rules that were withdrawn after public inspection. For about half of those, they were just published anyway. Some of them were subject to legislative fixes, like the rule in Chang and Zhang, where Congress actually stepped in. Other times, the rule basically went into effect after notice and comments. At the end of the day, we only identified one rule that is completely similarly situated to ours. It was withdrawn after public inspection. Potentially, a decision in this case could implicate, but we also say that this decision is about the Horse Protection Act and the rule making authority there. What was the date that the other one was withdrawn? I believe it was the latest transition, Your Honor. In the instances you say where a rule was withdrawn but then published anyway, do you mean that it was withdrawn but then sent back to the Federal Register and then published? I'm not sure of the mechanisms, but my understanding is that the rule that was sent was published. The agency followed through with it after the new administration allowed it to happen. As opposed to withdrawing it entirely or going through notice and comment again or replacing it with a different rule. The government... The published rule was identical to the one that had been...they sort of pulled it back and said, oh, never mind, and then let it go forward to publication or resubmitted it for publication or something? Yes, Your Honor, or at least substantially identical. The government mentioned of course the Chen and Zong decisions. I first would point out that a ruling against us in this case would create a split with the Fifth Circuit in the Arlington Oil Mills v. Knievel case where the Fifth Circuit ruled that a rule announced in a press release could not be overtaken without another round of notice and comment. As Your Honor, Judge Millett pointed out, I think Chen and Zong were addressing a different issue. Those were habeas claims. The court was trying to figure out whether it could enforce that withdrawn rule in those cases. I think the Fifth Circuit's analysis in particular, which is from the lengthier decision on this topic as compared to the Ninth, the court does recognize that sometimes unpublished rules can be enforced. They acknowledge that outside of their discussion, but they hinged their ruling on a far more narrower point, which was that the rule there had a playful or effective date that was hinged on Federal Register publication. We don't think that's correct, but it's a much narrower ruling than what the government's asking for here, which is that any rule that is not published cannot take effect and is invalid. I'd also just clarify that our position is not that all rules after the point at which the agency finishes its decision-making process and releases the rule, we're not arguing that they're immediately effective at that point. The effective date still governs for substantive rules with delayed effective dates. It's just that at that point, the agency can't turn back. We're not arguing that they're effective at that point. And then Judge Rau, you brought up the Congressional Review Act. I think that's helpful in that it illustrates that the government's logic would spread much more broadly. If the government's arguing that because normally substantive rules can't go into effect until 30 days after publication, it must mean Federal Register publication is a necessary condition for validity, then I think the same would have to carry over to the Congressional Review Act, right, that if an agency did not submit that required report that the rule itself would be invalid, it never issued, it never became law. I think that is what happens under the Congressional Review Act. If the report never sent, then the rule is issued. I don't understand the government's position, but maybe it would be, Your Honor. If this Court has no further questions. Ms. Flynn, Mr. Byron, thank you very much for your arguments. The case is
judges: Tatel, Millett, Rao